**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| CHIGOZIE M. ENOCH, | |
| Plaintiff, | |
| v. | Civil Action No. 8:12-cv-03701-AW |
| ADVANCED BIOSCIENCE LAB. INC., | |
| Defendant. | |

**MEMORANDUM OPINION**

Plaintiff Chigozie M. Enoch brings this claim against Defendant Advanced Bioscience Laboratories Inc. ("ABL"). Plaintiff asserts a claim of retaliation under Title VII of the Civil Rights Act of 1964. Pending before the Court is Defendant ABL's Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") or in the Alternative, Motion for Summary Judgment. Doc. No. 5. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **DENIES** ABL's Motion to Dismiss.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

The following factual background is drawn from the Complaint unless otherwise noted. Plaintiff Chigozie M. Enoch was hired on October 12, 2009 by ABL's Contracting Manufacturing Department, which is responsible for developing and manufacturing products for various entities on a contractual basis. Doc. No. 1 at 6.

Plaintiff, a Purification Specialist, was documenting a project at the time of the purported discovery of his alleged protected activity: a discrimination claim filed against his former employer, Becton Dickinson & Company ("Becton Dickinson"). *Id*. at 2-3. On March 16, 2012,

1

in an effort to clean his computer's P drive in compliance with instructions from ABL's IT department, Plaintiff began transferring documents from his drive to his personal e-mail account. *Id.* at 2. While attempting to transfer documents pertaining to the discrimination claim, including Becton Dickinson's response, Plaintiff received an error message indicating that the documents failed to attach and that the e-mail failed to deliver. *Id.* Plaintiff states that "[a]s a result the contents of the documents were intercepted by ABL['s] IT department" and that ABL became aware of the protected activity. *Id.* at 2,6.

On March 20, 2012, two days after the interception, ABL implemented an Electronic Mail Transfer Policy, requiring Plaintiff's department to sign the policy. *Id.* at 3. The policy indicated that violating it would result in termination. *Id.* Plaintiff signed the policy and placed it within his training file. *Id.* at 6.

After the alleged discovery, Plaintiff began to observe his manager, Umme Habiba, making comments at departmental meetings regarding her belief in not discriminating against individuals based on their race or ethnicity. *Id.* Plaintiff alleges that Habiba never made such remarks prior to the discovery of his discrimination claim. *Id.*

On June 13, 2012, the purification team, which included Plaintiff, Dr. Claire Zhang (supervisor), and Treavor O'Neal (senior purification scientist), was scheduled to work in an assigned room. *Id.* at 8. To do so, members of the team must fully gown to preserve the integrity of the room. Upon arrival to the room, Plaintiff noticed that Zhang was not fully gowned. Believing that the room was already compromised due to Zhang, Plaintiff entered lacking a full gown, followed by O'Neal, who also was not fully gowned. *Id.* Of the three individuals involved, only Plaintiff was sanctioned. Plaintiff was placed on three-month probation the following day even after explaining the situation to Habiba. *Id.* at 8-9.

Plaintiff became concerned that his manager was "instructed to get rid of [him] because of the discrimination charge [he] filed against [Becton Dickinson] that was discovered on March 16, 2012." *Id*. at 9. Plaintiff based his belief on various incidents in which his employer blamed him for other employees' errors. *Id*.

Plaintiff grew frustrated with this treatment and called in sick. On July 24, 2012, Plaintiff returned to work. *Id*. On that day, he sent an email in the morning to the HR Director complaining that he had been singled out. *Id*. at 10. The director set a meeting in the morning that day and when Plaintiff arrived he was immediately notified of his termination. *Id*. The company president, who had also signed the e-mail policy, signed Plaintiff's termination. *Id*.

Plaintiff received a right to sue letter on September 21, 2012. *Id*. at 3. Plaintiff filed his Complaint on December 18, 2012, asserting a retaliation claim under Title VII of the Civil Rights Act of 1964. Doc. No. 1. ABL moved to dismiss on January 1, 2013. Doc. No. 5. ABL argues that Plaintiff insufficiently states a causal link between the protected activity and the adverse employment activity due to his failure to indicate that those involved in his termination had knowledge of the protected activity. Doc. No. 5-1 at 5. ABL further argues that Plaintiff has inadequately alleged causation because of the three-to-four-month gap between ABL's alleged knowledge of the protected activity and Plaintiff's termination. Plaintiff has responded and Defendant replied, and the matter is ripe for review.

## II.    STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III.    LEGAL ANALYSIS

To state a prima facie case under Title VII, Plaintiff must show: 1) that he engaged in protected activity; 2) that his employer took an adverse employment action against him; and 3) that a causal connection existed between the protected activity and the adverse employment action. *Tasciyan v. Med. Numerics*, 820 F. Supp. 2d 664, 675 (2011) (citing *Davis v. Dimensions Health Corp.*, 639 F. Supp. 2d 610, 616-17 (D. Md. 2009)). "Under Title VII of the Civil Rights Act of 1964 . . . it is unlawful 'for an employer to discriminate against any of his employees . . . because [the employee] has made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under [Title VII].'" *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001) (alteration in original) (citing 42 U.S.C. § 2000e–3(a)).

Element three of the prima facie case for retaliation relates to causation. Generally, plaintiffs demonstrate that the alleged opposition caused the at-issue adverse action through two evidentiary routes. First, plaintiffs may show that the adverse act bears sufficient temporal proximity to the protected activity. *See, e.g.*, *Breeden*, 532 U.S. at 273-74. Second, as this Court has consistently held, "plaintiffs may state a prima facie case of causation by relying on evidence other than, or in addition to, temporal proximity where such evidence is probative of causation." *Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 881 (D. Md. 2012) (citing cases); *see also*, *e.g.*, *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (holding that "other relevant evidence may be used to establish causation" where temporal proximity is missing).

In this case, construing Plaintiff's claim liberally, Plaintiff has stated a cognizable retaliation claim. Although Plaintiff alleges that his discrimination complaint was against his former employer and not against ABL, Plaintiff adequately alleges that his participation in the prior investigation is protected activity under Title VII. As to the second element, Defendant does not dispute that it fired Plaintiff. Thus, the question is whether one could plausibly infer a causal connection between ABL's alleged discovery of Plaintiff's protected activity and Plaintiff's termination.

ABL argues that Plaintiff has inadequately alleged the element of causation because (1) the allegations fail to support the inference that ABL knew of the prior EEOC activity and (2) Plaintiff's firing is temporally remote to the date on which ABL allegedly learned of such activity.

The Court disagrees that Plaintiff's allegations are insufficient to support a plausible inference that ABL knew of the protected activity. For instance, Plaintiff alleges that ABL implemented the e-mail policy within two days of intercepting the e-mail containing his discrimination claim. Furthermore, Plaintiff alleges that his manager made remarks concerning race and ethnicity and that his manger had made no such remarks before ABL intercepted his e-mail. Plaintiff further alleges that his manager continuously singled him out and blamed him for others' mistakes.

As for temporal proximity, one could argue that the approximate three-month gap between ABL's alleged March 16, 2012 discovery of the protected activity and the first alleged retaliatory action (the June 14, 2012 incident when ABL placed Plaintiff on probation for failing to properly gown) fails to support a plausible inference of retaliation. *See Breeden*, 532 U.S. at 273 (citations omitted) (suggesting that a "3-month period [is] insufficient"). However, this Court has held that a gap just over three months, in conjunction with allegations that are probative of causation, may suffice to state a prima facie case of causation. *See Westmoreland v. Prince George's Cnty., Md.*, 876 F .Supp. 2d 594, 613-14 (D. Md. 2012). Here, similarly, Plaintiff has alleged that ABL engaged in a string of retaliatory actions starting with the implementation of the email policy. Although all these actions may not be materially adverse, they are, when construed in the most favorable light, probative of a retaliatory animus. Beyond that, in the context of employment discrimination, the Supreme Court has clarified that pleadings need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth" in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 (2002).

Although Plaintiff is a pro se litigant, the Court cautions Plaintiff that a more rigorous standard of review applies following the development, or lack thereof, of any evidence through discovery. This contrasts with the pleading stage, where the Court must assume the truth of Plaintiff's allegations and liberally construe Plaintiff's Complaint. Accordingly, although the Court harbors some questions regarding the ultimate viability of Plaintiff's case, Plaintiff has stated a facially plausible retaliation claim. Consequently, the Court denies ABL's Motion to Dismiss.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** ABL's Motion to Dismiss. A separate Order follows. The Court will issue a Scheduling Order.

| April 18, 2013 | /s/ |
| --- | --- |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |